O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Bever-Leigh B. Penny,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NDeX West LLC, *et al.*,<br><br>　　　　　Defendants.<br>_____ | Case No. CV 11-05567 ODW (MANx)<br><br>Order **GRANTING** Plaintiff's Motion for Leave to Amend [24] [Filed 10/03/11], **VACATING** Hearing Thereon, and **FINDING AS MOOT** Defendant's Motion to Dismiss [8] [Filed 07/18/11] |

　　　Currently before the Court are the parties' two Motions. On July 18, 2011, Defendant, Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 8.) Plaintiff failed to timely oppose the Motion, and instead filed an Opposition on August 29, 2011. Subsequently, on October 3, 2011, Plaintiff filed a Motion for Leave to Amend, (Dkt. No. 24), to which Wells Fargo filed an Opposition on October 10, 2011 (Dkt. No. 26). Having considered the arguments in support of an in opposition to both Motions, the Court hereby **GRANTS** Plaintiff's Motion to Amend and **FINDS AS MOOT** Defendant's Motion to Dismiss. The October 31, 2011 hearing on the Motion for Leave to Amend is **VACATED** and no appearances are necessary.

While Defendant argues that Plaintiff is not entitled to amend her Complaint as a matter of course under Federal Rule of Civil Procedure 15(b)(1)(B), (Opp'n at 2), as a whole, Federal Rule of Civil Procedure 15(a) is "very liberal." *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 951 (9th Cir. 2006). Indeed, courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Nevertheless, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.* (citations omitted). Defendant does not assert that Plaintiff's proposed amendment would cause prejudice or an undue delay in the litigation. Moreover, Defendant does not contend that Plaintiff's Motion is brought in bad faith. While Defendant argues that any further amendment would be completely futile, (Opp'n at 2-5), the Court does not agree. Many of Defendant's arguments asserted in the context of its Motion to Dismiss are well-taken; however, the Court does not find that all of Plaintiff's claims are completely implausible. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

In light of the foregoing, Plaintiff's Motion for Leave to Amend her Complaint is hereby **GRANTED**. The Clerk of the Court shall docket Plaintiff's proposed First Amended Complaint, which was lodged in conjunction with her Motion. Because the Complaint is no longer operative, the Court **FINDS AS MOOT** Defendant's Motion to Dismiss the Complaint. If it so chooses, Defendant may bring a Motion to Dismiss the First Amended Complaint.

**IT IS SO ORDERED.**

October 18, 2011

_____

HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE