O

1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10

11   BEVER-LEIGH B. PENNEY,                 Case No. 2:11-cv-05567-ODW(MANx)

12                  Plaintiff,              **ORDER DENYING MOTION TO**
            v.                              **VACATE SETTLEMENT**
13                                          **CONFERENCE [117]**
     WELLS FARGO BANK, NA; WELLS
14   FARGO HOME MORTGAGE; NDEX
     WEST, L.L.C.; STEWART LENDER
15   SERVICES f/k/a STEWART
     MORTGAGE INFORMATION;
16   SHERRY DOZA; TIPI ROBERTSON;
     LSI TITLE COMPANY; MENGHONG
17   BUT; RIC JUAREZ; KELLIE C.
     BOSWELL; and DOES 1–10,
18
                    Defendants.
19

20          Defendant Wells Fargo Bank, N.A. moves for an order vacating the Court-

21   ordered settlement conference in this action.  (ECF No. 117.)  Wells Fargo notes that

22   it already held a settlement conference on December 14, 2011, where "it agreed to

23   complete its review of Plaintiff's request for a loan modification and to refrain from

24   foreclosing on the property securing the loan until a decision was communicated to

25   Plaintiff."  (Mot. 1.)  Wells Fargo now urges that a second settlement conference

26   would be neither useful nor productive because Wells Fargo has reviewed Penney's

27   loan modification and notified her of its decision prior to any trustee's sale in

28   satisfaction of its agreement at the December 2011 mediation.  (*Id.*)

Wells Fargo's request is **DENIED**.  This case has developed significantly since December 14, 2011.  Most importantly, on June 8, 2012, the Court dismissed all of Penney's claims with prejudice except her first claim for promissory estoppel, second claim for promissory fraud, and third claim for fraudulent misrepresentation.  These claims remain viable in this action notwithstanding Wells Fargo's performance under the terms of the December 2011 mediation and subsequent foreclosure on Penney's home.  The Court therefore finds that further mediation in this matter could yet prove useful and productive.  Accordingly, rather than vacate the scheduling conference in this matter, the Court **ORDERS** the parties to conduct a settlement conference *in good faith* no later than January 7, 2013.

**IT IS SO ORDERED.**

December 4, 2012

_____
**HON. OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**